## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## CLINTON PACKING COMPANY, INC., Respondent,

and

## Clarence Turner, William Contris, and David Contris, Additional Respondents in Contempt.

### Nos. 72–1084 and 20341.

United States Court of Appeals, Eighth Circuit.

Jan. 19, 1976.

---

See also 8 Cir., 525 F.2d 1365.

William F. Wachter, Supervisory Atty., N. L. R. B., Washington, D. C., for petitioner.

Joseph C. DaPore, Navarre, Rizor & DaPore, Lima, Ohio, for respondent.

Before BRIGHT, ROSS and HENLEY, Circuit Judges.

## ORDER ADJUDGING RESPONDENTS NOT GUILTY OF CONTEMPT IN PART AND GUILTY OF CONTEMPT IN PART

The National Labor Relations Board having filed a petition to adjudge in civil contempt respondent Clinton Packing Company, Inc., and additional respondents in contempt, Clarence Turner, William Contris and David Contris, alleging that respondents have failed and refused to comply with the judgments of this court entered on June 26, 1970, and December 7, 1972, and Chief Magistrate Calvin K. Hamilton having been appointed as Special Master and having made a report recommending that respondent David Contris be adjudged not guilty of contempt and that respondents Clinton Packing Company, Inc., William Contris and Clarence Turner be adjudged not guilty in part and guilty in part of contempt of this court, and that they be required to purge themselves thereof;

It is ordered that the Master's findings of fact and conclusions of law be and hereby are adopted in their entirety.

It is further ordered that David Contris is hereby adjudged not guilty of civil contempt of this court for violating and disobeying the aforesaid judgments.

It is further ordered that respondents Clinton Packing Company, Inc., William Contris, and Clarence Turner shall purge themselves of such contempt by:

(a) Complying fully with and obeying the board's orders as enforced by this court's judgments of June 26, 1970, and December 7, 1972.

(b) Ceasing and desisting from granting wage increases to employees without notifying or consulting with Local Union No. 576, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO, the employees' certified bargaining representative; from threatening employees with plant closure if the union succeeded in reaching a collective bargaining agreement with the company; and from promising employees improved benefits for the purpose of inducing employees to abandon the union.

(c) Paying to the board all costs and expenses incurred herein in the preparation and final disposition of this proceeding for adjudication in civil contempt, but not including attorney's fees or the expenses of investigation.

In order to insure compliance with the foregoing provisions, it is further ordered that fines shall be paid by William Contris and Clarence Turner in the event of any further act of contempt of either of said respondents similar in nature to those acts found to be contumacious, and committed in the operation of the Clinton Packing Company, Inc., or any other similar business owned or controlled by William Contris, wherever situated. The amount of said prospective fines shall be as follows: William Contris, Ten Thousand Dollars ($10,000.00), and Clarence Turner, Five Thousand Dollars ($5,000.00).

Entered by the Court.